```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

PATRICIA BOKER,               :    NO. 1:07-CV-00446,
        Plaintiff,            :
                              :
     v.                       :    **OPINION AND ORDER**
                              :
SECRETARY,                    :
Dept. of the Treasury,        :
                              :
        Defendant.            :

This matter is before the Court on Defendant's Motion for Reconsideration (doc. 17) and Plaintiff's Response thereto (doc. 19), and Defendant's Reply in support thereof (doc. 20). For the reasons indicated herein, the Court DENIES Defendant's motion.

**I. Background**

This matter arises out of on-going litigation regarding allegations of disability discrimination and retaliation made by Plaintiff, a revenue agent for the Internal Revenue Service, who suffers from asthma. Defendant moved this Court for summary judgment on Plaintiff's claims, and the Court granted Defendant's motion in part in the Court's September 29, 2009 Opinion and Order (doc. 16). The only remaining claim is one for retaliation. The Court found in its Opinion that Plaintiff had succeeded in creating a genuine issue of material fact as to whether Defendant retaliated against her by denying her Family Medical Leave Act ("FMLA") requests and by charging her AWOL after she had engaged in protected activity (Id.). The Court noted in its Opinion that

Plaintiff was ultimately successful in contesting both the FMLA denials and the AWOL charges, but nonetheless found that Defendant's actions could be found by a reasonable jury to dissuade a reasonable employee from pursuing discrimination charges (Id.). Consequently, the retaliation claim survived summary judgment.

Defendant moves this Court to reconsider its decision regarding the retaliation claim.

**II. Applicable Law and the Parties' Arguments**

    **A.    Rule 59**

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).

Rule 59(e) motions allow district courts to correct their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008). The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. In re Ford Motor Co. Securities Litigation, Class Action, 381 F .3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not properly used as a vehicle

to re-hash old arguments or to advance positions that could have been argued earlier, but were not. Sault Ste. Marie Tribe of Indian Tribes v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). Once a timely motion has been filed under this Rule, the district court has the discretion to reconsider any part of its final opinion and judgment, not only those sought to be corrected by the moving party. EEOC v. United Ass'n of Journeyman & Apprentices, 235 F.3d 244, 250 (6th Cir. 2000).

**B. The Parties' Arguments**

Defendant contends that after the Court's September 29, 2009 Order, there is no remaining issue of controversy before the Court and, consequently, the Court lacks jurisdiction over this case (doc. 17). Specifically, Defendant argues that the retaliation claim is moot because the denial of Plaintiff's FMLA leave and the imposition of AWOL were ultimately resolved in Plaintiff's favor (Id.). Defendant further argues that the positive resolution of these issues precludes Plaintiff from pursuing additional relief from this Court (Id.).

Plaintiff contends that Defendant misapprehends the Court's Order and that his contention that the remaining retaliation claim is based on FMLA retaliation is erroneous because the retaliation is based on the Rehabilitation Act, not the FMLA (doc. 19).

In reply, Defendant reiterates his argument, that the

3

Court ruled that there was only one issue remaining for trial but that this issue was previously resolved at the administrative level thus precluding trial on the issue (doc. 20).

**III. Discussion**

Defendant's contention that there are no remaining issues for trial is not well-taken. Defendant is certainly correct that the denial of FMLA leave and being erroneously charged AWOL were resolved in Plaintiff's favor. If Plaintiff were seeking judicial relief for the FMLA denial and being charged AWOL, such relief would not be appropriate, for the reasons cited by Defendant. However, that is not the basis of Plaintiff's remaining claim. Instead, Plaintiff alleges that Defendant retaliated against her for engaging in activity covered by the Rehabilitation Act. The Court found that Defendant's FMLA denial and AWOL charges could be seen by a rational jury to be evidence of Plaintiff having suffered an adverse employment action, one of the required prima facie elements, because the Court found that the fact that Plaintiff suffered both the FMLA denial and the AWOL charges could dissuade a reasonable employee from filing discrimination charges. (doc. 16, citing Burlington Northern and Santa Fe Railway Co. v. White, 548 U.S. 53 (2006)). The fact that these issues were ultimately resolved in Plaintiff's favor does not as a matter of law take away from the potential for them to dissuade reasonable employees from pursuing discrimination claims.

Defendant also argues that Plaintiff's retaliation claim must fail as a matter of law because she "was also not deterred from asserting her rights, as she pursued this claim through the administrative process" (doc. 20). For this proposition, Defendant cites <u>Burlington Northern</u> and asserts that Plaintiff "cannot meet the subjective harm prong of the standard set forth in that case" (<u>Id</u>.). Defendant misreads <u>Burlington Northern</u>. <u>Burlington Northern</u> does <u>not</u> require that the plaintiff herself be deterred from asserting her rights, that she subjectively suffer harm; on the contrary, <u>Burlington Northern</u> explicitly states that the test for retaliation claims contains both an <u>objective</u> component and a material adversity component. 548 U.S. at 68 ("We refer to reactions of a <u>reasonable</u> employee because we believe that the provision's standard for judging harm must be objective."). Defendant's arguments regarding "the subjective harm prong" fail because such a prong does not exist.

**IV. Conclusion**

Defendant has not shown that the Court made a clear error of law or otherwise satisfied the Rule 59 standard. The Court therefore DENIES Defendant's Motion (doc. 17).

SO ORDERED.

Dated: January 28, 2010     /s/ S. Arthur Spiegel

                                          S. Arthur Spiegel
                                          United States Senior District Judge